ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JAN 15 PM 3:31
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| HUBERT B. ANDREWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-084 |
| | ) | |
| FNU AJIBADE, Doctor, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, formerly an inmate incarcerated at Johnson State Prison ("JSP") in Wrightsville, Georgia, filed the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and, after he was released from incarceration, paid the $350.00 filing fee. The matter is presently before the Court on Plaintiff's "Motion for Emergency Preliminary Injunction with Declaratory Relief." (Doc. no. 6.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion be **DENIED**.

### I. BACKGROUND

Plaintiff commenced this case on September 7, 2012, while he was incarcerated at JSP, and sought to proceed *in forma pauperis* ("IFP"). (See doc. nos. 1, 2.) According to Plaintiff, he was granted parole and released from JSP on September 28, 2012. (See doc. no. 6, p. 6.) Upon his release, Plaintiff paid the $350.00 filing fee, so the Court provided him with some basic instructions regarding the development and progression of this case in an Order dated October 23, 2012. (See doc. no. 7.) In those instructions, the Court explained that Plaintiff

is responsible for serving Defendants and explained how service could be accomplished, and informed him that he had 120 days from the date of the October 23rd Order to serve Defendants. (Id. at 1-2.) With less than two months left to effect service, however, there is no evidence in the record that any Defendant named in Plaintiff's complaint has yet been served.[1]

Plaintiff's claims in his complaint concern his medical care at JSP, and he names five Defendants, all of whom are alleged to have worked at JSP during the relevant time period. (See generally doc. no. 1.) Specifically, Plaintiff alleges that he was denied surgery for his left hip (see id. at 5-6, 9-11, 12), and was also denied treatment for open sores "for over 8 months," (see id. at 11). In the instant motion, Plaintiff alleges that he was denied "timely and adequate medical care" for his degenerative joint disease, and he details the chronology of his disease. (See doc. no. 6, p. 6.) According to Plaintiff, he was seen nineteen times over a period of twenty-nine months after his April 2, 2010 diagnosis. (Id. at 2.) Plaintiff alleges that an MRI on April 28, 2011 showed that both of his hips "needed to be replaced," and that he was issued a walking cane on August 18, 2011, and confined to a wheelchair as of September 30, 2011. (See id. at 6.) Plaintiff reports that he was given surgery to replace his right hip on May 8, 2012, and that he was approved for surgery on his left hip on August 2, 2012, but was released from custody on September 28, 2012, before the surgery was performed. (See id.)

According to Plaintiff, "as a result of inaction by the Georgia Department of

---

[1] As explained in the Court's October 23rd Order, unserved defendants or the entire case may be subject to dismissal if Plaintiff fails to effect service. (See doc. no. 7, p. 2.) The Court further notes that there is no indication in the record that any of the named Defendants have returned executed waivers of service. Moreover, the record does not indicate that any summons have been issued by the Clerk of Court. See Fed. R. Civ. P. 4(b).

2

Corrections, Plaintiff's condition is now sever[e] and he is disabled and cannot work." (Id. at 2.) Plaintiff states that all of his medical costs "should be the responsibility of the Georgia Department of Corrections," and he requests that an order be entered requiring "the Department of Corrections to pay for Plaintiff's hip replacement surgery." (Id. at 3.) Of note, the Georgia Department of Corrections is not named as a Defendant in Plaintiff's complaint. (See doc. no. 1.)

## II. DISCUSSION

### A. Plaintiff's Motion for Preliminary Injunctive Relief Should Be Denied Because the Court Lacks Jurisdiction to Grant the Requested Relief

Plaintiff's motion for injunctive relief should be denied because the Court lacks jurisdiction to grant the relief requested. First, Plaintiff seeks relief against a party who has neither been named nor served, the Georgia Department of Corrections. The Court only has jurisdiction, however, over named defendants who have been properly served. See Prewitt Enters., Inc. v. OPEC, 353 F.3d 916, 919 (11th Cir. 2003) (affirming dismissal of case for lack of jurisdiction because party against whom relief was sought had not been properly served), *reh'g and reh'g en banc denied,* No. 03-11580 (Table), 2004 WL 503604 (11th Cir. Mar. 2, 2004). Here, the Court does not yet have jurisdiction over any Defendant (as none have been served), let alone an entity that has not been named as a Defendant in this case.[2] Accordingly,

---

[2]To that end, the Court notes that the Georgia Department of Corrections is immune from suit as a state entity. "The Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)). Furthermore, the Supreme Court has unambiguously stated that "a suit in which the State or one of its agents or departments is named as the defendant is proscribed by the Eleventh Amendment.... This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp., 465 U.S. at 100 (1984) (citations omitted). Finally, § 1983

3

the Court cannot grant the requested relief against the Georgia Department of Corrections. Indeed, even if Plaintiff had sought the relief requested against the named Defendants, the Court still could not grant the relief requested in Plaintiff's motion because there is not yet proof of service in the record for any of those Defendants.³ Accordingly, Plaintiff's motion should be denied because the Court lacks jurisdiction to grant the relief sought therein.

### B. Plaintiff's Motion for Preliminary Injunctive Relief Would Be Subject to Denial Even If the Court Had Jurisdiction

Furthermore, Plaintiff would not be entitled to a preliminary injunction even if the Court had jurisdiction to grant the requested relief. A party moving for injunctive relief must show the following: "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147

---

does not abrogate the sovereign immunity of the states. See Quern v. Jordan, 440 U.S. 332, 341 (1979) ("[W]e simply are unwilling to believe . . . that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States."); see also Stevens, 864 F.2d at 115 ("The Eleventh Amendment bars this [§ 1983] action against the Georgia Department of Corrections and Board of Corrections."). Thus, even if Plaintiff had named or served the Georgia Department of Corrections as a Defendant, he would still not be entitled to the relief sought in the instant motion.

³Moreover, an inmate's claim for injunctive relief against prison officials is ordinarily subject to dismissal for mootness when the prisoner is released and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1986) ("In view of [plaintiff's] subsequent release, we find that his claims for declaratory and injunctive relief are now moot."); see also Kellerman v. Askew, 541 F.2d 1089, 1090 n.1 (5th Cir. 1976) (*per curiam*) (former prisoner's motion for equitable relief in case about purportedly inadequate medical care rendered moot by his parole). Thus, even if Plaintiff had sought the requested relief here against the named Defendants – officials at JSP – his requests would be moot in light of his parole and release from JSP.

4

F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson County, 720 F.2d. 1511, 1519 (11th Cir. 1983)).

Here, Plaintiff has not met his burden of persuasion on all of the four requisites for obtaining injunctive relief. To begin with, Plaintiff has not established that he is substantially likely to succeed on the merits. Plaintiff appears to allege in his complaint that Defendants "intentionally" delayed providing Plaintiff "with access to medical treatment [for] an urgent medical condition requiring surgery for his left hip" (see doc. no. 1, p. 6), and that Defendants Habersham and Ajibade ignored his need for medical treatment on at least one occasion (see id. at 9-11). Plaintiff asserts in the instant motion, however, that he was seen nineteen times over a period of twenty-nine months for his degenerative joint disease. (See doc. no. 6, p. 2.) Moreover, Plaintiff states in the instant motion that he was eventually given surgery on his right hip and then subsequently approved for surgery on his left, before being released from incarceration. (See id. at 6.)

It is thus unclear whether Plaintiff is alleging that he was denied treatment of any kind for his degenerative joint disease, or was simply not given a particular kind of treatment – namely, immediate surgery. Indeed, Plaintiff summarizes his claims in the instant motion as his having been denied "timely and adequate medical care," rather than being altogether denied treatment. (Id. at 2.) Though an intentional refusal to provide medical care or an unreasonable delay in doing so by prison officials may arise to deliberate indifference, McElligot v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999), mere allegations of negligence or medical malpractice

do not, Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999). Moreover, the fact that a prisoner "may have desired [a] different mode[] of treatment" does not give rise to a claim for deliberate indifference. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). While the Court is not now addressing whether Plaintiff will *ultimately* succeed on the merits of any potentially viable claims, the Court finds that, based on his allegations of fact and the applicable case law, Plaintiff has not at this juncture established that he is *substantially* likely to succeed on the merits.

Moreover, with respect to the third and fourth elements of the preliminary injunction inquiry, Plaintiff has simply not addressed whether the threatened harm outweighs the damage the proposed injunction may cause to Defendants or whether the injunction would be adverse to the public interest. Thus, Plaintiff has not carried his burden of persuasion as to these elements. In sum, Plaintiff has not satisfied all of the requisite elements for a preliminary injunction. Accordingly, even if the Court had jurisdiction to grant the relief requested, Plaintiff's motion for a preliminary injunction should be subject to denial.

### III. CONCLUSION

For these reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for a preliminary injunction be **DENIED**. (Doc. no. 6.)

SO REPORTED and RECOMMENDED this 15th day of January, 2013, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE